10

In the Matter of EUGENE R. HURLEY, JR. (Admitted as EUGENE REDDING HURLEY, JR.), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 8, 1989

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* for petitioner.

*Wallace & O'Haire, P. C. (George V. O'Haire* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by this court on December 18, 1963, under the name Eugene Redding Hurley, Jr. In this proceeding the Special Referee sustained two charges of professional misconduct. The petitioner moves to confirm the report of the Special Referee and the respondent submits a brief in response to the petitioner's motion.

Charge one of the petition alleged that the respondent engaged in unlawful and unethical acts when, in the course of representing certain clients, he falsely attested and acknowledged that his clients had signed and acknowledged signing a deed in his presence, induced payment of $1,500 in return for the bogus and void deed, and, with knowledge that the deed bore a forged signature, facilitated and caused the bogus instrument to be offered for filing with the County Clerk of Nassau County.

Charge two alleged that the respondent, *inter alia,* engaged in two acts of misrepresentation and deceit. The respondent submitted an affidavit in support of a notice to redeem real property, which property had been conveyed by the County Treasurer as a result of unpaid county taxes, and that affidavit falsely attested that the respondent had searched the records of the County Clerk, the County Treasurer, the Surrogate and the tax receivers' offices of the Town of Hempstead and City of Long Beach, when in truth the respondent had made no search whatsoever. Further, in order to induce the County Treasurer to issue a deed, the respondent again falsely attested in another affidavit that he had made a search, when in truth he had not.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances set forth by the respondent in his brief. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MOLLEN, P. J., MANGANO, THOMPSON, BROWN and LAWRENCE, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Eugene R. Hurley, Jr., admitted under the name Eugene Redding Hurley, Jr., is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Eugene R. Hurley, Jr. is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.